**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMES C. BRACKETT, | No. 10-17713 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-01233-CMK |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Craig M. Kellison, Magistrate Judge, Presiding

Submitted February 16, 2012[**]
San Francisco, California

Before: GRABER, BERZON, and TALLMAN, Circuit Judges.

Claimant James C. Brackett appeals the district court's order affirming the

Commissioner's denial of his application for social security disability benefits. We

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

affirm because the Commissioner's decision is free of legal error and supported by substantial evidence. Ukolov v. Barnhart, 420 F.3d 1002, 1004 (9th Cir. 2005).

1. The administrative law judge ("ALJ"), whose decision the Commissioner affirmed, gave specific, legitimate reasons for rejecting the opinion of Claimant's treating physician, Dr. Mulligan. See Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002) (stating standard for rejecting opinion of treating physician). For instance, the ALJ noted that Dr. Mulligan failed to provide sufficient clinical findings to substantiate his conclusory statements of disability on the forms; that Dr. Mulligan prescribed only a conservative treatment plan (exercise and diet), which is inconsistent with a finding of permanent total disability; and that all other examining and non-examining physicians disagreed with Dr. Mulligan and concluded that Claimant retained significant functional capacity.

2. The ALJ permissibly discounted Claimant's subjective pain testimony, following the method of analysis set out in Smolen v. Chater, 80 F.3d 1273, 1281–84 (9th Cir. 1996). In rejecting Claimant's subjective assessment of his limitations, the ALJ pointed to (for example), the facts that no physician other than Dr. Mulligan had concluded that Claimant was disabled; that the prescribed treatment for pain and other symptoms was conservative; that Claimant performed heavy work until 2002, despite his claim to have suffered from back pain since

2

1993; and that he stopped working only when he was laid off due to a plant closure and told his physician that was the reason why he had stopped working.

3. The ALJ gave germane reasons, id. at 1288, for discounting the testimony of Claimant's mother as to the extent of Claimant's limitations. The ALJ considered her statements and relied on the same reasons he used when rejecting Claimant's own subjective testimony. See Valentine v. Comm'r Soc. Sec. Admin., 574 F.3d 685, 694 (9th Cir. 2009) (approving rejection of a third-party family member's testimony, which was similar to the claimant's, for the same reasons given for rejection of the claimant's complaints).

4. As the Commissioner concedes, the ALJ erred by finding that Claimant could perform medium work. We apply harmless error analysis, Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005), and conclude that the error here was harmless because Claimant is capable of performing the full range of light work. Therefore, the Medical-Vocational Guidelines ("the grids") apply and dictate the same finding of non-disability. See Tackett v. Apfel, 180 F.3d 1094, 1101 (9th Cir. 1999) (holding that the grids apply only when a claimant can perform the full range of jobs in a given category, such as light work).

AFFIRMED.